IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JESSIE RIGGS, #152652, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 17-0469-CG-MU |
| JUDGE BEN H. BROOKS, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This action is before the Court on Defendants' notice of removal (Doc. 1) and Plaintiff's objection to Defendants' notice of removal (Doc. 6), which the Court construes as a motion for remand.[1] After careful consideration, and for the reasons stated below, it is recommended that Plaintiff's motion to remand (Doc. 6) be denied.

**I. Nature of Proceedings.**

**A. Proceedings and Notice of Removal.**

On September 18, 2017, Plaintiff filed a complaint in the Circuit Court of Mobile County, Alabama, against Circuit Court Judge Ben H. Brooks, III, Assistant District Attorney Patrick Doggett, Police Officer Bryan Smith, Detective Dennis Owens, and Circuit Court Clerk Jo Jo Schwarzauer. (Doc. 1-1 at 4-9). Plaintiff alleges they violated his rights under several amendments to the United States Constitution, (namely, the First, Fourth, Fifth, Sixth, Ninth, Tenth, and Fourteenth Amendments) (Doc. 1-1 at 4, 5,

---

[1] This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

7, 8), Section 6-5-570 of the Alabama Code (*Id.* at 4),[2] and Article 1, § 6 of the Alabama Constitution.[3] (*Id.* at 4, 6). Along with the complaint, Plaintiff filed an affidavit of substantial hardship, which the circuit court granted, (*Id.* at 2-3), and the circuit court cover sheet, on which Plaintiff indicated that his action is for legal malpractice and civil rights. (*Id.* at 11).

Plaintiff's complaint was served on Defendant Owens on September 22, 2017 (*Id.* at 24), Defendant Smith on September 25, 2017 (*Id.* at 26), Defendant Schwarzauer on September 27, 2017 (*Id.* at 28), and Defendant Brooks on September 27, 2017 (*Id.* at 30). Defendant Doggett was unable to be served. (*Id.* at 22).

On October 23, 2017, Defendants Owens and Smith filed a notice of removal. (Doc. 1). The other served Defendants, Schwarzauer and Brooks, consented to the removal. (Doc. 1-2 at 2-5). Defendants maintain that the complaint affirmatively alleges violations of the United States Constitution (in addition to a state law violation) and therefore removal is proper under 28 U.S.C. §§ 1331 and 1441(c). (Doc. 1 at 2-3). Defendants describe Plaintiff's allegations as asserting a claim for constitutional violations that occurred during his burglary prosecution in Mobile County Circuit Court based on his allegation that "Defendants engaged in a conspiracy to omit exculpatory evidence in Plaintiff's criminal prosecution in violation of the Fourth, Fifth, Sixth, Ninth, Tenth and Fourteenth Amendments to the United States Constitution." (Doc. 1 at 1-2).

---

[2] This statute is titled, "Statement of legislative intent." ALA. CODE § 6-5-570 (1988). The article associated with this statute, Alabama Legal Services Liability Act, provides for a "complete and unified approach to legal actions against legal service providers. . . ." (*Id.*).

[3] This section of the Alabama Constitution addresses the rights of the accused in a criminal prosecution. ALA. CONST. art. I, § 6.

Defendants further maintain that their notice of removal is timely and the technical requirements for removal have been satisfied. (Doc. 1 at 3). As represented in the notice of removal and the pleadings in this action, the undersigned agrees with Defendants that the notice of removal was timely and the technical requirements for removal have been satisfied. The October 23, 2017 notice of removal was filed within thirty days from service of process on Defendant Owens on September 22, 2017. 28 U.S.C. § 1446(b) (thirty-day requirement); Fed.R.Civ.P. 6 (a)(1) (providing that the day of the triggering event is excluded, and when the last day falls on a weekend, the period continues to the end of the next day). The served defendants have consented to this action's removal. 28 U.S.C. § 1446(b)(2)(A) (requiring all served defendants in an action removed under § 1441(a) to join in or consent to the removal). A copy of the notice of removal was filed with the Clerk of the Circuit Court for Mobile County, Alabama. 28 U.S.C. § 1446(d) (requiring notice to adverse parties and to the clerk of the state court). (Doc. 1 at 3).

**B. Motion to Remand.** (Doc. 6).

In response to the notice of removal, Plaintiff filed an objection, i.e., the motion to remand, in which he contends that the Mobile County Circuit Court has jurisdiction to adjudicate his claims and "is the judicial forum for which Plaintiff chose with standing to entertain." (Doc. 6). Plaintiff refers two more times to "standing" when he stated that Defendants forgot about "standing" and that an "Article III Judge of the Constitution has no 'standing' to entertain [his] claims." (*Id.* at 2). Plaintiff maintains that Defendants "in their effort to avoid civil prosecution for their unprofessional arbitrary acts [have run] to this U.S. District Court for protection to shield said violations [of] both state and federal

[law]." (*Id.* at 2). Plaintiff asserts that if removal is granted, he will move for a stay and an interlocutory appeal to the Court of Appeals for the Eleventh Circuit. (*Id.*).

**C. Complaint.** (Doc. 1-1).

With respect to the allegations in the complaint, Plaintiff does not provide a general description of his cause of action, but he addresses each Defendant individually in a separate claim with supporting facts. For the most part, Plaintiff's allegations are vague and conclusory. To ascertain the nature of Plaintiff's claims, the Court does not take as true legal conclusions and "threadbare recitals of the elements of a cause of action." *Iqbal v. Ashcroft,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). When sorting through the vague language and legal conclusions for facts, as best that the Court can discern, Plaintiff alleges that on February 18, 2016, Defendant Owens "committed perjury while under oath" and "omitted exculpatory evidence in conspiracy with" Defendants Brooks, Doggett, Smith and Schwarzauer "in order to establish false probable cause to arrest Plaintiff[.]" (Doc. 1-1 at 5). Defendant Smith conspired with Defendant Owens and stated under penalty of perjury, without personal knowledge, that Plaintiff committed a crime so that on November 20, 2013, Plaintiff was arrested on a warrant that failed to meet probable cause requirements. (*Id.*). Defendant Doggett, as an assistant district attorney, failed to refrain from joining a conspiracy to prosecute Plaintiff even though he knew that probable cause did not exist for two counts of third-degree burglary. (*Id.* at 6). That is, on September 26, 2014, pursuant to a conspiracy with Defendants Owens and Smith and without probable cause, Defendant Doggett presented information to the grand jury. (*Id.*). Then, from February 18, 2016 through March 23, 2016, Defendant Doggett withheld "exculpatory

4

evidence" and furthered the conspiracy at Plaintiff's trial and sentencing before Defendant Brooks, knowing probable cause did not exist. (*Id.*). On February 18, 2016 and on March 23, 2016, in furtherance of a conspiracy with Defendants Owens, Smith, Doggett, and Schwarzauer, Defendant Brooks adjudicated Plaintiff's guilt and sentenced Plaintiff to fifty years when Defendant Brooks was without subject matter jurisdiction due to the lack of probable cause, and in violation of the *ex post facto* clause and judicial ethics canons due to his pattern of denying justice to *pro se,* black, incarcerated litigants. (*Id.* at 7). Prior to February 18, 2016 through February 10, 2017, Defendant Schwarzauer, pursuant to a conspiracy with Defendants Owens, Doggett, Smith, and Brooks, "use[d] the Circuit Court's rubber stamp to avoid[sic] Defendant Brooks and other circuit judges['] signatures" to violate Plaintiff's state and federal constitutional rights by withholding his arrest warrant's affidavit along with other exculpatory material. (*Id*. at 8). In addition, pursuant to this conspiracy, Defendant Schwarzauer "intercepted exculpatory information from Plaintiff as well as from Plaintiff[']s star witnesses Joe Ranger Pickett, Damon E. Garner, etc. . . for which Plaintiff intend[ed] to use his subpoena power to prove this pattern of conspiracy to deprive black pro-se litiga[nts.]" (*Id.*). Plaintiff requests a jury trial, prospective injunctive relief requiring that Defendants be temporarily suspended until the resolution of this matter, and $50,000.00 from each Defendant "for their crimes against [the] state and federal constitution[s] and [for] mental anguish and anxiety." (*Id.* at 9).

## II. <u>Analysis</u>.

In Plaintiff's motion to remand, he mentions "standing" and uses the term incorrectly. "Standing" is a doctrine in federal court which limits who may seek redress

in federal court for a legal wrong. *Spokeo, Inc. v. Robins,* ___ U.S. ___, ___, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2016). "Standing" requires that a *plaintiff* clearly demonstrate three elements with sufficient facts: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* Considering the definition context of "standing," it appears that Plaintiff intended to mean "jurisdiction" when he stated that the state court is the judicial forum that he chose and has "standing" to entertain his action, that Defendants ignored "standing," which is the most important jurisdictional doctrine, and that an Article III judge has no "standing" to entertain his claims. (Doc. 6 at 1-2). The Court liberally construes Plaintiff's position as being that this Court does not have jurisdiction and is depriving Plaintiff of his choice of forum to have his action heard. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (a court gives a *pro se* litigant's allegations a liberal construction holding them to a more lenient standard than those of an attorney).

Turning to Plaintiff's state-court complaint, we find alleged violations of several Amendments to the United States Constitution as well as a couple of violations of Alabama law. This Court was given subject-matter jurisdiction to review violations of the United States Constitution when Congress enacted the statute creating federal-question jurisdiction, 28 U.S.C. § 1331. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). State courts may also review violations of the federal Constitution. *Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 477, 101 S.Ct. 2870, 2875, 69 L.Ed.2d 784 (1981) (absent a congressional provision to the contrary or some

other incompatibility, "state courts may assume subject-matter jurisdiction over a federal cause of action").

When federal constitutional rights are violated by persons who acts under color of state law, the violations are addressed under 42 U.S.C. § 1983. *Williams v. Bennett,* 689 F.2d 1370, 1390 (11th Cir.) (a direct action under a constitutional amendment is not available when Congress provides an adequate remedial scheme, such as § 1983), *cert. denied,* 464 U.S. 932 (1983). Jurisdiction to hear § 1983 actions rests concurrently with federal and state courts. *Maine v. Thiboutot,* 448 U.S. 1, 3 n.1 100 S.Ct. 2502, 2503 n.1, 65 L.Ed.2d 555 (1980).

In a § 1983 action in federal court, the federal court can hear state-law claims along with federal claims through its exercise of supplemental jurisdiction. 28 U.S.C. § 1367; *Mines v. Barber,* 610 F. App'x 838, 841 (11th Cir. 2015); *see* 28 U.S.C. § 1441(c) (providing for the removal a claim not within the original jurisdiction of the federal court when an action containing federal claims is removed). Section 1367(a) provides a federal district court with supplemental jurisdiction over all state law claims that arise from the same case or controversy as the federal claims. 28 U.S.C. § 1367(a). However, the federal district court can decline to exercise supplemental jurisdiction over state-law claims when the federal claims over which it had original jurisdiction are dismissed. 28 U.S.C. § 1367(c)(3); *Mines,* 610 F. App'x at 841 (affirming the federal district court's decision not to exercise its supplemental jurisdiction over the prisoner's state-law claims after the federal claims were dismissed).

"Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint

establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983). To determine if federal-question jurisdiction exists under 28 U.S.C. § 1331, "a court looks to the well-pleaded complaint alone." *Adventure Outdoors, Inc. v. Bloomberg,* 552 F.3d 1290, 1295 (11th Cir. 2008). Allegations of constitutional violations provide a basis for federal-question jurisdiction over a complaint. *Jairath v. Dyer,* 154 F.3d 1280, 1282 (11th Cir. 1998). And "[t]he existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors,* 552 F.3d at 1294-95.

The fact that concurrent jurisdiction exists does not prevent the removal of an action to federal court from state court, as "section 1441(a) allows removal '[e]xcept as otherwise expressly provided.'" *Chilton v. Savannah Foods & Industries, Inc.,* 814 F.2d 620, 623 (11th Cir. 1987) (quoting 28 U.S.C. § 1441(a)) (affirming the denial of a motion to remand an ERISA action over which state and federal courts had concurrent jurisdiction); *see Mercy Hosp. Ass'n v. Miccio,* 604 F. Supp. 1177, 1180 (S.D.N.Y. 1985) ("The federal removal statutes explicitly contemplate concurrent jurisdiction in all cases eligible for removal."). Moreover, "[t]he removal statutes by their very purpose and nature take away plaintiff's power to choose the forum in limited cases." *Id.; McPhillips v. Blue Cross & Blue Shield of Ala.,* 79 F. Supp.2d 1325, 1327 (M.D. Ala. 2000) (stating same).

Upon consideration of the served Defendants' notice of removal and Plaintiff's motion to remand, the undersigned finds that Defendants have borne their burden of

establishing this Court's jurisdiction. *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.), *cert. denied,* 520 U.S. 1162 (1997). This Court has subject-matter jurisdiction pursuant to 28 U.S.C.§ 1331 over Plaintiff's claims for violations of his rights under several constitutional amendments. Even though the claims' pleading lacks the clarity necessary for stating a proper claim, it cannot be said at this time that the claims are so insubstantial so as to not support this Court's federal-question jurisdiction. *See Harris v. Blue Cross/Blue Shield of Alabama, Inc.,* 951 F.2d 325, 329 (11th Cir. 1992) (a court must determine whether the case involves a substantial federal question; a federal question is not substantial if it is "obviously without merit."); *Shapiro v. McManus,* ___ U.S. ___, ___, 136 S.Ct. 450, 193 L.Ed.2d 279 (2015) ("We have long distinguished between failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits; only 'wholly insubstantial and frivolous' claims implicate the former.").

### III. Conclusion.

"Thus, by statute a federal court will order remand of a case only where the removal is not proper because of a defect in the removal procedure or because the federal court itself lacks jurisdiction." *McPhillips,* 79 F. Supp.2d at 1327 (citing 28 U.S.C.A. § 1447(c) & 14A C.A. WRIGHT, A.R. MILLER, E.H. COOPER, FEDERAL PRACTICE & PROCEDURE: JURISDICTION 2d ¶ 3739 (1985 & Supp.1992)). This Court has subject-matter jurisdiction over this action and there are no procedural defect; therefore, it is recommended that Plaintiff's motion to remand (Doc. 6) be denied.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 11th day of April, 2018.

                                                s/ P. BRADLEY MURRAY
                                                UNITED STATES MAGISTRATE JUDGE