# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JESSIE RIGGS, # 152652,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:17-cv-469-TM-MU |
| | ) |
| **JUDGE BEN H. BROOKS,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

On August 9, 2018, this court denied the plaintiff's motion to remand. *See* Docs. 10, 12. The court now turns to the current complaint for cursory review and notes a number of deficiencies.

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Generally, complaints by *pro se* plaintiffs are read more liberally than those drafted by attorneys. *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008). Although the court is required to liberally construe a *pro se* litigant's pleadings, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)); *see also Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009) (internal citations and quotation omitted) ("Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.").

Additionally, because the Plaintiff proceeds *in forma pauperis*,[1] the Court has an ongoing requirement to conduct a review to determine whether the claims are frivolous, malicious, or fails to state a claim on which relief may be granted under to 28 U.S.C. § 1915(e)(2)(B). The statute provides, in pertinent part: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A review of the plaintiff's complaint reveals several defects which mandate dismissal of some defendants/claims. Specifically, there are questions of immunity, failure to state a claim, and failure to timely serve.

The Complaint in this case was filed on September 12, 2017 and removed to federal court on October 23, 2017. Fed. R. Civ. P. 4(m) states "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." To date, there is no indication that Defendant Patrick Doggett has been properly served and ninety days has long since passed.

Next, there are questions of judicial and quasi-judicial immunity as to Judge Ben H. Brooks and Circuit Clerk Jo Jo Schwarzauer.

Finally, there appears to be a question as to whether Plaintiff's claims for damages may be barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). A claim for damages which challenges unlawful conduct leading to an unconstitutional conviction,

---

[1] *See* Doc. 1, Atch 1, Affidavit of Substantial Hardship filed by Plaintiff prior to removal which was granted on September 18, 2017 by the state court.

including administrative action while in prison, cannot proceed unless the inmate plaintiff shows that the challenged conviction was reversed, expunged or otherwise invalidated.

This list of deficiencies is not intended to be exhaustive as there may be other legal deficiencies or defenses for Plaintiff to overcome, but there were readily identifiable from the face of the complaint.

A pro se plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled on other grounds by Wagner v. Daewood Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc); *see also Carter v. HSBC Mortgage Servs., Inc.*, 622 F. App'x 783, 786 (11th Cir. July 9, 2015) (explaining that *Bank* is controlling law for pro se plaintiffs). "There are two situations in which the district court need not grant leave to amend under *Bank*: (1) where the plaintiff has indicated that [he] does not wish to amend [his] complaint; and (2) where a more carefully drafted complaint could not state a claim and is, therefore, futile." *Carter*, 622 F. App'x at 786 (citing *Bank*). Further, as to the issue of futility, courts should err on the side of generosity to the pro se plaintiff. *Id.* (citing *O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, 1206 (11th Cir. 2003)).

Based on the above, it is **ORDERED** that Plaintiff Riggs file an amended complaint on or before **October 12, 2018**.  **The plaintiff is specifically cautioned that if he fails to file a response as required by this order, the court may treat his failure as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned dismiss the case**.

It is further **ORDERED** that the motion to dismiss (Doc. 3) filed by Defendants Ben H. Brooks', III and Jo Jo Schwarzauer and previously referred to the magistrate judge is

**UNREFERRED** and **DENIED** without prejudice to reassert after Plaintiff's amended complaint is filed.

DONE this 14th day of September, 2018.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE