IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JESSIE RIGGS, #152652, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 17-0469-TFM-MU |
| JUDGE BEN H. BROOKS, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's "Motion to Amend 28 USCS § 2254 Writ of Habeas Corpus Pursuant to the Federal Rules of Civil Procedure" ("motion to amend").[1] (Doc. 15). Plaintiff filed this motion to amend to comply with the Court's September 14, 2018 order requiring him to file an amended complaint to his § 1983 complaint. (Doc. 14). In the order, the Court warned Plaintiff that his present complaint, which was removed from state court to this Court, contained several deficiencies that mandated dismissal of some Defendants or claims. (*Id.* at 2). The Court described some of the deficiencies to Plaintiff. (*Id.* at 2-3). But, because the law requires a *pro se* plaintiff "be given one chance to amend the complaint before the district court dismisses the action with prejudice," *Bank v. Pitt,* 928 fF2d 1108, 1112 (11th Cir. 1991), *overruled on other grounds by Wagner v. Daewood Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), the Court granted Plaintiff the opportunity to amend his complaint and

---

[1] This motion has been referred to the undersigned pursuant to U.S. District Judge Moorer's November 9, 2018 order (Doc. 16), 28 U.S.C. § 636(b)(1)(B), and S.D. Ala. GenLR 72(a)(2)(R).

ordered that his amended complaint be filed by October 12, 2018, which it was. (*Id.* at 3; Doc. 15).

To address the present motion to amend, the Court must begin by looking back to the original complaint that commenced this action. (Doc. 1-1). In the original complaint, Plaintiff named as Defendants, Mobile County Circuit Court Judge Ben H. Brooks, III, Detective Dennis Owens, Assistant District Attorney Patrick Doggett, Officer Bryan Smith, and Circuit Court Clerk Jo Jo Schwarzauer. (*Id.* at 4). Plaintiff claimed that his rights under the First, Fourth, Fifth, Sixth, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution and Article 1, § 6 of the 1901 Alabama Constitution were violated. (*Id.* & at 7). These violations occurred in connection with his arrest and subsequent criminal proceedings that led to his conviction. (*Id.* at 4-9). For relief, Plaintiff sought "prospective injunctive relief [requiring] all defendant [to] be temporarily suspended until this matter is resolved so other U.S. and Ala. citizens [will not] be victims to this unconstitutional treatment" and "the sum of $50,000.00 per defendant[] for their crimes against the state and federal constitution[s] and mental anguish and anxiety." (*Id.* at 9). Plaintiff did not include in his complaint's request for relief his release from confinement or the invalidation of his conviction, sentence, or restraint causing his incarceration. (*Id.*).

The original complaint is handwritten and not on a court-provided form. (Doc. 1-1). In the complaint, Plaintiff did not refer to § 1983, but on the civil cover sheet, he picked the "civil rights" and "legal malpractice" choices to describe the nature of his suit and requested a jury trial. (Doc. 1-1 at 11). The civil cover sheet also provided a

"habeas corpus/extraordinary writ" choice for the nature of his suit, but Plaintiff did not select the habeas choice to describe his action. (*Id.*).

In the original complaint, Plaintiff claims violations of several amendments to United States Constitution. A plaintiff, however, cannot proceed on a claim against state officials directly under the Constitution when Congress created "an equally effective remedial scheme" under 42 U.S.C. § 1983. *Williams v. Bennett,* 689 F.2d 1370, 1390 (11th Cir.), *cert. denied,* 464 U.S. 932 (1983). Thus, the undersigned finds that the original complaint's federal claims seek relief under 42 U.S.C. § 1983, which is also supported by Plaintiff's civil rights selection on the civil cover sheet.

Even though the original complaint is chiefly a § 1983 damages action, Plaintiff filed a motion to amend the complaint with § 2254 habeas claims. The Eleventh Circuit in *Hutcherson v. Riley*, 468 F.3d 750 (11th Cir.), *cert. denied,* 549 U.S. 990 (2006), explained the differences in a civil rights action under 42 U.S.C. § 1983 action and a habeas action under 28 U.S.C. § 2254:

> An inmate convicted and sentenced under state law may seek federal relief under two primary avenues: "a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983." *Hill*, 126 S.Ct. at 2101. *These avenues are mutually exclusive*: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action. *See Nelson*, 541 U.S. at 643, 124 S.Ct. at 2122 ("[Section] 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence.").
>
> The line of demarcation between a § 1983 civil rights action and a § 2254 habeas claim is based on the effect of the claim on the inmate's conviction and/or sentence. When an inmate challenges the "circumstances of his confinement"

> but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action under § 1983. *Hill*, 126 S.Ct. at 2101. However, when an inmate raises any challenge to the "lawfulness of confinement or [the] particulars affecting its duration," his claim falls solely within "the province of habeas corpus" under § 2254. *Id.* Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action. If the court determines that the claim does challenge the lawfulness of the inmate's conviction or sentence, then the court must treat the inmate's claim as raised under § 2254, and it must apply the AEDPA's attendant procedural and exhaustion requirements to the claim. *See Nelson*, 541 U.S. at 643, 124 S.Ct. at 2122.

*Id.* at 754 (emphasis added); *see Kerlin v. Barnard,* 742 F. App'x 488, 489 (11th Cir. 2018) (unpublished) (same). Therefore, in light of the developed law that distinguishes between the differences in a § 1983 action and a habeas action, Plaintiff cannot amend his § 1983 action with a habeas claim/petition. *Cf. Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir.1995) (holding that injunctive and declaratory relief claims in a civil rights action that challenge the validity of a conviction or sentence and seek release are not recognized because they are habeas in nature and therefore must be brought in a habeas action).[2]

---

[2] Aside from the separate types of relief available in a habeas action and in a § 1983 action, other differences exist between the two types of actions. Mainly, a habeas action must be served on the person who has custody of the petitioner, 28 U.S.C. § 2254 Rule 2(a) & Advisory Comm. Notes, sub. (a), and the habeas petitioner generally must exhaust his state-court remedies before his habeas petition will be addressed on the merits by a federal district court, 28 U.S.C. § 2254(b)(1)(A). Whereas, in a § 1983 action, the plaintiff is not restricted to the custodian when he names defendants, but the defendants must be state actors who are *causally connected* to a violation of plaintiff's federal rights. *Zatler v. Wainwright,* 802 F.2d 397, 401 (11th Cir. 1986). And no requirement exists that state-court remedies be exhausted in a § 1983 action. *Heck v. Humphrey,* 512 U.S. 477, 480, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994).

4

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be "freely given," except in the presence of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *McKinley v. Kaplan,* 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). With respect to futility, "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co.,* 367 F.3d 1255, 1263 (11th Cir. 2004). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. America's Favorite Chicken Co.,* 198 F.3d 815, 822-23 (11th Cir.1999).

After careful review of Plaintiff's motion to amend, the undersigned finds that Plaintiff's motion to amend habeas claims into this action will be futile. Habeas claims are not recognized in § 1983 action and would be subject dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).[3] Therefore, the undersigned recommends that Plaintiff's motion to amend be denied.

---

[3] Section 1915(e)(2)(B) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.* Here, Plaintiff's habeas claims in his motion to amend are frivolous because no arguable basis exists in law for Plaintiff's habeas claims to proceed in a § 1983 action.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 21st day of December, 2018.

/s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**