IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JESSIE RIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 1:17-cv-469-TFM-MU |
| | ) | |
| JUDGE BEN H. BROOKS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On September 20, 2019, the *pro se* plaintiff, Jessie Riggs ("Riggs" or "Plaintiff"), filed a *Motion to Amend 28 USCS § 2254 Writ of Habeas Corpus Pursuant to the Federal Rules of Civil Procedure* ("first motion to amend") in response to the Court's prior order (Doc. 14, filed September 14, 2019) to amend his complaint to cure various deficiencies. *See* Doc. 15. On December 21, 2018, the Magistrate Judge entered a Report and Recommendation ("R&R") which recommends that the Court deny Plaintiff's motion. *See* Doc. 18. Plaintiff timely objected to the Magistrate Judge's R&R on January 3, 2019. *See* Doc. 19. Subsequent to filing his objections, Plaintiff filed a *Motion to Amend* (Doc. 21, filed 2/19/19) ("new motion"). For the reasons articulated below, the Court adopts the Magistrate Judge's R&R, overrules the objections filed by Plaintiff, denies Plaintiff's first motion to amend, and grants Plaintiff's new motion to the extent articulated below.

### I.   STANDARDS OF REVIEW

Under 28 U.S.C. § 636(b)(1)(B), this court reviews *de novo* the portions of a magistrate judge's report to which objections are made.

Pleadings by *pro se* litigants "are held to a less stringent standard than pleadings drafted

by attorneys and will, therefore, be liberally construed." *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017). Nevertheless, all litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the Court is required to liberally construe a *pro se* litigant's pleadings, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). (internal quotations and citation omitted); *see also Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009) ("Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.") (internal citations and quotation omitted).

"When a more carefully drafted complaint might state a claim, a plaintiff *must* be given *at least one* chance to amend the complaint before the district court dismisses the action with prejudice." *Evans*, 850 F.3d. at 1254 (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (emphasis added) (internal quotations omitted)). However, "a district court need not allow amendment when it would be futile." *Id*. (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). Leave to amend is futile when the amended complaint still would be immediately subject to summary judgment for the defendant. *Id.* In determining futility, courts should err on the side of generosity to the *pro se* plaintiff. *Carter v. HSBC Mortg. Servs., Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015) (citing *O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, 1206 (11th Cir. 2003)).

## II. OBJECTIONS TO THE REPORT AND RECOMMENDATION

In his objections, Plaintiff appears to ask the Court to dismiss without prejudice his claims

brought "improperly" under 42 U.S.C. § 1983, and to stay any decision on the R&R (Doc. 18) and the underlying first motion to amend (Doc. 15) in order to "give this Petitioner a chance to properly comply" with the Court's order to amend his complaint (Doc. 14). Doc. 19 at 1. Plaintiff asserts that he is "unlearned in the proper use of habeas procedure" and had attempted to proceed in this action under both 42 U.S.C. § 1983 and 28 U.S.C. § 2254 based on his lack of understanding and misguided advice from fellow inmates. *Id*. at 2.

Plaintiff concedes the Magistrate Judge's finding that Plaintiff "did not include in his complaint's request for relief his release from confinement or the invalidation of his conviction, sentence, or restraint causing his incarceration." *Id*.; *see also* Doc. 18 at 2. However, he asserts that such relief is the sole purpose of filing a claim under § 2254, and he was instructed by fellow inmates to "just tell [his] story and the court [will] free you." Doc. 19 at 2. He also appears to assert, presumably in response to the Magistrate Judge's statement that the complaint was not submitted on a court-provided form, that the prison law library lacked the appropriate forms for his action. *Id*.; *also see* Doc.18 at 2. Plaintiff requests that, in lieu of adopting the R&R and dismissing this case, the Court consider "a dismissal without prejudice, or leave to file a successive petition, or other relief the Court has the power to grant" in order to allow him to properly cure the deficiencies "in a proper habeas corpus manner." Doc. 19 at 2-3. He asserts that he has received advice from an unnamed "organization" that nevertheless lacks the resources to fully assist him, and that he wishes to litigate in this Court habeas corpus claims that were presented and inadequately resolved in state court. *Id*. at 3.

### III.   MOTION TO AMEND (DOC. 21)

In his newest and motion recent motion, Plaintiff again seeks to amend his original complaint in order to comply with the Court's prior orders, asserting that he failed to understand

the difference between habeas corpus and § 1983 procedures. Doc. 21. Plaintiff also requests that the Court remove Judge Ben H. Brooks as a defendant in this case and add as a defendant the State of Alabama. *Id*. at 2. In an accompanying memorandum, *In Support of Habeas Corpus*, Plaintiff asserts that he intended to file a habeas action, not a § 1983 complaint, and asserts various claims he seeks to bring, including ineffective assistance of counsel; that his sentence is excessive and thereby unconstitutional; that Alabama's Habitual Felony Offender Act is discriminatory and unconstitutional; and actual innocence. Doc. 22.

### IV. DISCUSSION

As an initial matter, Plaintiff's objections do not take issue with any of the Magistrate Judge's findings or legal conclusions, only with the recommended result. Indeed, Plaintiff's "objections" to the R&R concede the Magistrate Judge's findings and merely attempt to explain their cause. Based on those explanations, Plaintiff urges the Court to give him another opportunity to properly amend his complaint and keep his case alive. However, contrary to what appears to be Plaintiff's underlying assumption, denying Plaintiff's first motion to amend, as recommended, does not necessitate dismissal of his case entirely. Thus, giving due and proper consideration to all portions of the file deemed relevant to the issues and having conducted a *de novo* review of the R&R, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's R&R as the opinion of the Court. Accordingly, the Court **DENIES** Plaintiff's first motion to amend (Doc. 15).

As to Plaintiff's new motion seeking to amend his pleadings, he states that he wishes to proceed in this action under § 2254 and cites various claims he wishes to bring in a habeas petition. However, it also appears that Plaintiff wishes to preserve his initial §1983 claims, presumably to re-raise them in some future action, as he requests that the Court dismiss his § 1983 claims without

prejudice merely to clear the way to proceed under § 2254.

The Court is mindful that Plaintiff was given an opportunity to amend his § 1983 complaint to cure its deficiencies and that Plaintiff failed to comply, opting instead to file a motion to amend his complaint to add new claims under § 2254. Nevertheless, the Court is also mindful that Plaintiff is a *pro se* complainant, ostensibly without reliable access to the proper forms for filing in this Court. *See Evans*, 850 F.3d at 1253. Finally, although claims under § 2254 may not be raised jointly in a claim brought under § 1983, as these are discrete actions addressing different types of claims and offering different modes of relief, both actions may be brought in this Court, albeit separately.

Therefore, in light of Plaintiff's *pro se* status, his professed inability to procure the appropriate court forms, and his timely filings in the case, the Court **GRANTS** the new motion *to the extent* that Plaintiff is permitted a second opportunity to amend his complaint to cure its deficiencies, as previously noted by the Court and by the Magistrate Judge in the R&R. As ordered below, Plaintiff may refile his complaint with this Court under § 1983, or he may file a habeas petition pursuant to § 2254, according to his intentions in this matter. Alternatively, if Plaintiff's intention is to bring both a § 1983 complaint and a § 2254 petition, Plaintiff may file them *separately* but simultaneously with the Court, in which case the actions will be placed on separate dockets to proceed individually as appropriate.

The Court reminds Plaintiff that, whichever way he elects to proceed, documents should be filed on the appropriate Court forms; clearly set out the claims he seeks to raise under the appropriate statute against the relevant defendants; and cure various other deficiencies as previously noted by the Court. As to Plaintiff's additional request in his motion to remove Judge Ben H. Brooks as a defendant and add the State of Alabama, it is **DENIED AS MOOT**; Plaintiff

is **INSTRUCTED** to list the intended defendants in his amended filings. The Court cautions Plaintiff that this is his second opportunity to amend his original complaint; he is unlikely to receive a third.

## V. Conclusion

For the foregoing reasons, it is **ORDERED** as follows:

(1) The Magistrate Judge's Report and Recommendation (Doc. 18) is **ADOPTED**;

(2) Plaintiff's Objections (Doc. 19) are **OVERRULED**;

(3) Plaintiff's *Motion to Amend 28 USCS § 2254 Writ of Habeas Corpus Pursuant to the Federal Rules of Civil Procedure* (Doc. 15) is **DENIED**.

(4) Plaintiff's *Motion to Amend* (Doc. 21) is **GRANTED in part** and **DENIED in part**. The motion is granted to the extent that Plaintiff is hereby permitted to file with the Court, **no later than Friday, April 12, 2019,** (1) an amended complaint under 42 U.S.C. § 1983; (2) a habeas petition pursuant to 28 U.S.C. § 2254; or (3) separately, an amended § 1983 complaint and a § 2254 habeas petition, each addressing the relevant claims under the respective statute. Plaintiff's Motion to Amend is **DENIED as moot** to the extent he seeks to remove Judge Ben H. Brooks as a defendant and add the State of Alabama. Plaintiff is **INSTRUCTED** to list the intended defendants on his amended complaint.

The Clerk of Court is **DIRECTED** to mail Plaintiff this Court's forms for filing a complaint under § 1983 and a § 2254 habeas petition.

As explained above, Plaintiff is **INSTRUCTED** to return the form that represents his intentions and what type of claim he wishes to file. If Plaintiff wishes to proceed in two separate actions under § 1983 and § 2254, respectively, he may return both forms, and they will placed on

separate dockets for individual adjudication. To be clear, the Court previously ordered that Plaintiff correct several defects with regard to his § 1983 claims. *See* Doc. 14. Those issues still remain if Plaintiff intends to proceed with a lawsuit under § 1983. As such, the Clerk of Court is **DIRECTED** to send a copy of the prior Order (Doc. 14).

**DONE and ORDERED** this 8th day of March 2019.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE